Corinne Chandler - State Bar No. 111423
Email: cchandler@kantorlaw.net
KANTOR & KANTOR, LLP
19839 Nordhoff Street
Northridge, California 91324
Telephone: (818) 886-2525
Facsimile: (818) 350-6272

Attorneys for Plaintiff,
L. STONE

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**
**SOUTHERN DIVISION**

L. STONE,

Plaintiff,

vs.

PRUDENTIAL INSURANCE COMPANY OF AMERICA,

Defendant.

Case No.

**COMPLAINT FOR:**

**BREACH OF THE EMPLOYEE RETIREMENT INCOME SECURITY ACT OF 1974; ENFORCEMENT AND CLARIFICATION OF RIGHTS; PRE-JUDGMENT AND POST-JUDGMENT INTEREST; BREACH OF FIDUCIARY DUTIES AND ATTORNEYS' FEES AND COSTS**

Plaintiff, L. Stone ("Plaintiff") herein sets forth the allegations of her Complaint against Defendant Prudential Insurance Company of America ("Prudential") as follows:

**PRELIMINARY ALLEGATIONS**

1. "Jurisdiction" – This action is brought under 29 U.S.C. §§ 1132(a), (e), (f) and (g) of the Employee Retirement Income Security Act of 1974 (hereinafter "ERISA") as it involves a claim by Plaintiff for employee benefits under employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

these code sections as well as 28 U.S.C. § 1331 as this action involves a federal question. This action is brought for the purpose of recovering benefits under the terms of an employee benefit plan, enforcing Plaintiff's rights under the terms of the employee benefit plan, and to clarify Plaintiff's rights to future benefits under the employee benefit plan. Plaintiff seeks relief, including but not limited to: payment of benefits; pre-judgment and post-judgment interest, and attorneys' fees and costs.

2. Plaintiff was, at all times relevant, an employee of her former employer and a resident of Orange County, California. Plaintiff is a citizen of the State of California.

3. Plaintiff is informed and believes that Defendant Prudential is a corporation with its principal place of business in the State of New Jersey, authorized to transact and transacting business in the Central District of California and can be found in the Central District of California. Prudential is the insurer of benefits on long term disability ("LTD") policy number G-45594-GA (the "Policy"), issued to Plaintiff's former employer.

4. Plaintiff's former employer was a subscriber to the Policy, for the benefit of its employees. As such, the Policy was issued and administered within this Judicial District. Prudential is doing business in the Central District of California, in that it covers insureds working and residing in the Central District. Plaintiff is further informed and believes that the Plan Administrator has appointed Prudential as a fiduciary for deciding claims for benefits under the plan, and for deciding any appeals of denied claims. Prudential administered the claim, interpreted Policy terms, and issued a claim denial, all while operating under a conflict of interest, and the bias this created adversely affected the claims determination.

5. As a benefit of her employment, Plaintiff was provided group LTD insurance under the Policy. The Policy is part of an employee welfare benefit plan regulated by ERISA, in which Plaintiff was a participant, and pursuant to which Plaintiff is entitled to LTD benefits. Pursuant to the terms and conditions of the

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

Policy, Plaintiff is entitled to LTD benefits for the duration of Plaintiff's disability, for so long as Plaintiff remains disabled as required under the terms of the Policy.

6. Plaintiff is informed and believes that the subject Policy was delivered to Plaintiff's former employer in the County of Orange, State of California.

7. Plaintiff is informed and believes that the subject Policy was issued or renewed on or after January 1, 2012.

8. Plaintiff is informed and believes that the subject Policy has an annual January 1 anniversary date.

9. Defendant Prudential can be found in this judicial district and the Policy is administered in this judicial district. The LTD claim at issue herein was also specifically administered in this judicial district. Thus, venue is proper in this judicial district pursuant to 29 U.S.C. § 1132(e)(2).

**FIRST CLAIM FOR RELIEF**

**AGAINST DEFENDANT PRUDENTIAL INSURANCE COMPANY OF AMERICA FOR ERISA BENEFITS, ENFORCEMENT AND CLARIFICATION OF RIGHTS, PRE-JUDGMENT AND POST-JUDGMENT INTEREST, AND ATTORNEYS' FEES AND COSTS**

**(29 U.S.C. § 1132(a)(1)(B))**

10. Plaintiff incorporates by reference all preceding paragraphs as though fully set forth herein.

11. At all times relevant, Plaintiff was employed by her former employer, and was a covered participant under the terms and conditions of the Plan, insured by the Policy. The Policy was insured by Prudential, and Prudential was also the claims administrator and made all decisions to pay or deny benefit claims.

12. During the course of Plaintiff's employment, Plaintiff became entitled to benefits under the terms and conditions of the Policy. Specifically, while Plaintiff was

covered under the Policy, Plaintiff suffered a disability rendering Plaintiff disabled as defined under the terms of the Policy.

13. Pursuant to the terms of the Policy, Plaintiff made a claim to Prudential for LTD benefits under the Policy. Plaintiff's last day of work as a result of her disability was May 17, 2017.

14. Pursuant to the terms of the Plan, Plaintiff made a claim to Prudential for LTD benefits under the Plan. Prudential initially approved Plaintiff's claim and paid her benefits. Plaintiff is informed and believes that Prudential assigned Plaintiff's claim as No. 12326095.

15. Plaintiff's LTD benefits were paid through November 14, 2019, at which time Prudential made the inaccurate and self-serving decision that, despite Plaintiff's conceded restrictions and limitations, she could return to her own occupation or any gainful occupation. Plaintiff timely appealed the decision to terminate her benefits.

16. On January 10, 2022, Prudential reaffirmed its decision to terminate the Plaintiff's benefits, and advised her that she had the right to bring a civil action. Plaintiff has exhausted her administrative remedies under the Plan.

17. Defendant Prudential breached the Plan and the Policy and violated ERISA in the following respects:

(a) Failing to pay LTD benefit payments to Plaintiff at a time when defendant knew, or should have known, that Plaintiff was entitled to those benefits under the terms of the Policy, as Plaintiff was disabled under the terms of the Policy and was therefore entitled to benefits. Even though defendant had such knowledge, defendant denied Plaintiff's LTD benefits;

(b) Failing to provide a prompt and reasonable explanation of the basis relied on under the terms of the Policy, in relation to the applicable facts and Policy provisions, for the denial of Plaintiff's claims for LTD benefits;

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

(c) Failing to adequately describe to Plaintiff any material or information necessary for Plaintiff to perfect her claim along with an explanation of why such material is or was necessary;

(d) Concealing and withholding from Plaintiff the notice requirements Defendant was required to provide Plaintiff pursuant to ERISA and the regulations promulgated thereunder, 29 C.F.R. § 2560.503-1(f)-(g), inclusive; and

(e) Failing to properly and adequately investigate the merits of Plaintiff's claim and failing to provide a full and fair review of Plaintiff's claim.

18. Plaintiff is informed and believes and thereon alleges that Defendant wrongfully denied her disability benefits under the Policy by other acts or omissions of which Plaintiff is presently unaware, but which may be discovered in this future litigation and which Plaintiff will immediately make Defendant aware of once said acts or omissions are discovered by Plaintiff.

19. Following the denial of benefits under the LTD Plan, Plaintiff exhausted all administrative remedies required under ERISA, and Plaintiff has performed all duties and obligations on Plaintiff's part to be performed under the Policy.

20. As a direct and proximate result of the aforementioned wrongful conduct of Defendant, Plaintiff has damages for loss of disability benefits in a total sum to be shown at the time of trial.

21. As a further direct and proximate result of this improper determination regarding Plaintiff's LTD claim, Plaintiff, in pursuing this action, has been required to incur attorneys' costs and fees. Pursuant to 29 U.S.C. § 1132(g)(1), Plaintiff is entitled to have such fees and costs paid by Defendant.

22. The wrongful conduct of Defendant has created uncertainty where none should exist. Therefore, Plaintiff is entitled to enforce her rights under the terms of the Policy and to clarify her right to future benefits under the terms of the Policy.

KANTOR & KANTOR LLP
19839 Nordhoff Street
Northridge, California 91324
(818) 886 2525

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff prays for relief against Defendant as follows:

1. Payment of disability benefits due Plaintiff;

2. An order declaring that Plaintiff is entitled to immediate reinstatement to the Plan, with all ancillary benefits to which she is entitled by virtue of her disability, and that benefits are to continue to be paid under the Plan for so long as Plaintiff remains disabled under the terms of the Plan;

4. Pursuant to 29 U.S.C. § 1132(g), payment of all costs and attorneys' fees incurred in pursuing this action;

5. Payment of pre-judgment and post-judgment interest as allowed for under ERISA; and

6. Such other and further relief as this Court deems just and proper.

DATED: February 4, 2022

KANTOR & KANTOR, LLP

By: *\/s/ Corinne Chandler*
Corinne Chandler
Attorneys for Plaintiff
L. STONE